UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PALO PLESNIK,

    Plaintiff,

        v.                                       Case No. 13-cv-1242-JPG-DGW

BIG LOTS STORES, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Big Lots Stores, Inc. ("Big Lots") (Doc. 5). Plaintiff Palo Plesnik has responded to the motion (Doc. 7).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

Although even after *Bell Atlantic* and *Iqbal* liberal federal notice pleading standards ensure that minimally detailed complaints can survive a motion to dismiss, those standards will not prevent dismissal of complaints that plead too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim).

**II.     Facts Alleged**

Taking all well-pleaded allegations as true, the complaint established the following relevant facts for the purposes of this motion.

In 1971, Big Lots[1] leased a 60,000 square foot facility from the property's owner. In 1996, they modified their lease to cover only 30,000 square feet of the facility ("Leased Area"). The owner intended to split the facility and find a new tenant for the other 30,000 square feet ("Unleased Area"), but it promised Big Lots that it would still have access to certain parts of the Unleased Area – the rest rooms, offices, lounges and sprinkler riser – until the work to split the building had been done and a tenant for the Unleased Area had been located. The owner never located a tenant for the Unleased Area, and Big Lots continued to occupy and use all of the Unleased Area. In 2007, Plesnik bought the property and, as described in the Complaint, "permitt[ed]" Big Lots to use the Unleased Area. *See* Compl. at 5, ¶ 15. In 2012, Plesnik negotiated with Big Lots another amendment to the lease. At some point thereafter, Plesnik demanded Big Lots pay for or vacate the Unleased Area. Big Lots has paid all the sums due under the lease but has not paid Plesnik any more than that and continues to occupy and use the Unleased

---

[1] It was actually Big Lots' predecessor, but for simplicity's sake, the Court simply refers to this entity and its successors as Big Lots.

Area.

In December 2013, Plesnik filed this lawsuit seeking nearly a million dollars in damages from Big Lots for its occupation and use of the Unleased Area for eight years. He pleads three causes of action: Count I is a claim for breach of the lease, Count II is an unjust enrichment claim and Count III is a trespass claim. Big Lots asks the Court to dismiss all of Plesnik's claims.

**III.   Analysis**

    A.   <u>Count I: Breach of Contract</u>

Plesnik alleges Big Lots has breached the lease by failing to vacate or pay for occupying and using the Unleased Area. Big Lots argues the lease does not contain any obligation to pay for or refrain from occupying the Unleased Area, so the failure to pay or vacate does not breach the written lease. To the extent Plesnik may believe he has an oral lease for the Unleased Area, Big Lots argues that a claim for breach of that lease is barred by the Statute of Frauds and the statute of limitations.

Under Illinois law, to establish a breach of contract, the plaintiff must show "(i) the existence of a valid and enforceable contract, (ii) performance by the plaintiff, (iii) breach of the contract by the defendant, and (iv) resultant injury to the plaintiff." *Batson v. Oak Tree, Ltd.*, 2 N.E.3d 405, 414 (Ill. App. Ct. 2013).

The Court has reviewed the various iterations of the written lease between Plesnik and Big Lots and has found no contract term prohibiting Big Lots from occupying or using the Unleased Area or obligating Big Lots to pay for occupying or using the Unleased Area. On the contrary, the written lease concerns the Leased Area and Big Lots' access to limited parts of the Unleased Area until a tenant for the Unleased Area is found, which never occurred. Thus, Plesnik has not pled a breach of the written lease for the Leased Area.

Plesnik does not contend Big Lots' continued occupation and use of the Unleased Area

breached an oral agreement, so the Court need not explore that theory of liability.

      B.      <u>Count II: Unjust Enrichment;   Count III: Trespass</u>

In Count II, Plesnik alleges Big Lots has been unjustly enriched because it benefited when Plesnik permitted it to occupy and use the Unleased Area without paying anything in return.  In Count III, Plesnik alleges Big Lots is intruding on the Unleased Area, thereby interfering with his right to use that area.  The Court will address each of Big Lots' arguments for dismissal in turn.

      1.      <u>Statute of Frauds</u>

With respect to Count II, Big Lots argues that Plesnik cannot use an equitable theory such as unjust enrichment to circumvent the Statute of Frauds regarding contracts involving land, 740 ILCS 80/2 (providing that a lease for more than one year must be in writing).  Plesnik does not address this theory in his response.  Nevertheless, the Court is not persuaded by Big Lots' blanket assertion that equitable remedies are categorically unavailable for leases within the Statute of Frauds.  Such an assertion does not account for the recognized equitable exceptions to the statute, for example, where a contract otherwise subject to the Statute of Frauds has been fully or partly performed.  *See David v. Schiltz*, 114 N.E.2d 691, 697 (Ill. 1953) ("The Statute of Frauds cannot be invoked to avoid a contract that has been carried into execution."); *Rose v. Dolejs*, 116 N.E.2d 402, 408 (Ill. 1953) ("It has been held that acts of part performance are sufficient, in a court of equity, to take an oral agreement out from under the operation of the Statute of Frauds.").  For this reason, the Court finds Big Lots has failed to show Plesnik has not adequately plead a right to relief because of the Statute of Frauds.

      2.      <u>Statute of Limitations</u>

Additionally, Big Lots argues the unjust enrichment and trespass claims would be barred by the five-year statute of limitations, 735 ILCS 5/13-205, which all parties agree applies. Plesnik counters that, although his claims to damage for time periods more than five years before

he filed the Complaint may be barred by the statute of limitations, the violation is ongoing, and he has a right to recover for his alleged damages for the five years immediately preceding the day he filed suit. The Court agrees with Plesnik that the statute of limitations will not bar this claim in its entirety. While it is true that under Illinois' discovery rule, the statute of limitations generally accrues when the plaintiff knows or reasonably should know that he has been injured and that the injury was wrongfully caused, *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, (Ill. 1995), the cases cited by Big Lots involve completed acts of defendants rather than continuing wrongs. *See Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85-86 (Ill. 2003) (discussing "continuing torts"). Furthermore, if Big Lots had Plesnik's permission to occupy the Unleased Area until his recent demand that Big Lots pay for or vacate that area, Plesnik's injury did not occur until Big Lots failed to acquiesce to that demand, which was within five years of when the complaint was filed.

        3.      <u>Permitted Use of Unleased Area</u>

Finally, Big Lots maintains Plesnik cannot succeed on an unjust enrichment or a trespass claim where he pled that he permitted Big Lots to use and occupy the Unleased Area. Plesnik claims his complaint, when read as a whole, shows that he did not consent or acquiesce to Big Lots' occupying and using the Unleased Area and instead asked them to vacate or pay for using that area.

To prevail on an unjust enrichment claim, a plaintiff must show "that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). A plaintiff cannot establish unjust enrichment where the benefit to the defendant was the product of a voluntary gift by the plaintiff. *Gagnon v. Schickel*, 983 N.E.2d 1044, 1052 (Ill. App. Ct. 2012). This is

because it is not unjust to retain a gift freely given.

To prevail on a trespass claim, a plaintiff must show the defendant entered onto his land "without permission, invitation, or other right." *Benno v. Central Lake Cnty. Joint Action Water Agency*, 609 N.E.2d 1056, 1061 (Ill. App. Ct. 1993).

In this case, despite Plesnik's assertions to the contrary in his brief, he pled that, "By *permitting* Defendant to use the 30,000 square feet," Compl. at 5, ¶ 15 (emphasis added) – that is, the Unleased Area – Big Lots received a benefit from him. The Complaint, when read as a whole and with due regard for this allegation, indicates that Plesnik essentially allowed the privilege of using the Unleased Area to Big Lots for a period of time, but then decided to stop giving that privilege. For the periods Plesnik gave the use privilege – and he pled in the Complaint that there were such times – he cannot state a claim for unjust enrichment or trespass. However, for periods after he changed his mind, Big Lots may be liable for damages under an unjust enrichment or trespass theory.

For these reasons, the Court declines to dismiss Counts II or III but will limit them to events after Plesnik stopped permitting Big Lots to use the Unleased Area.

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Big Lots' motion to dismiss (Doc. 5), **DISMISSES** Count I **with prejudice**, **ORDERS** that future proceedings in this case with respect to Counts II and III be limited in scope as discussed above and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: May 16, 2014**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**